Treadwell *v.* Bruder.

---

EMELINE TREADWELL, by her next friend, &c., *v.* ANTHONY BRUDER.

In an action for rent, proof that the defendant, a German, was in the occupation of the premises, though it was not shown for what period, and that, an account being presented and explained to him in which a sum of money, described as rent for the term mentioned in the complaint, was stated to be due the plaintiff, the defendant promised to pay it; *held*, sufficient, *primâ facie*, to sustain a judgment.

Treadwell *v.* Bruder.

The money being stated in the bill to be due the plaintiff, the promise is a suffi-
cient admission of liability to him, although made to a third person, by whom
the bill is presented, and also, as a promise, inures to the plaintiff's benefit.

Under such circumstances, whether the plaintiff became entitled to the rent as
owner of the premises, or as lessee, or even by assignment of the rent, is im-
material.

Title in a third person, as against a party claiming the rent, must be shown by the
usual muniments of title, or by evidence of possession for such a period as raises
a presumption of title.

Infancy of a plaintiff, cannot be proved as a ground of nonsuit on the trial. It
must be pleaded in abatement, or the question be raised by motion to set the
proceedings aside for irregularity in respect to the appointment of a guardian or
next friend.

The authority of an attorney or agent to appear for a party in the Marine or District
Courts, must be demanded, if at all, 'at the time of the appearance.

THIS case came up from the Marine Court, on appeal by a
tenant from a judgment for rent. The grounds of objection to
the judgment are stated and sufficiently illustrated in the
opinion.

*Robert H. Shannon*, for the defendant.

*Thomas E. Stewart*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—This was an action in the
Marine Court to recover for rent of certain premises. The
plaintiff proved the presentation to the defendant of an account
in which a sum of money, described as rent for the term men-
tioned in the complaint, was stated to be due to the present
plaintiff, and that the defendant promised to pay it. There was
also evidence of the defendant's occupation of the premises,
although the period of his actual occupation was not very
distinctly proved. Although the defendant was a German,
there was no sufficient evidence that he could not read English,
and there was evidence that the bill was explained to him.

Under these circumstances the case was established, so far
at least that it cannot be said that the finding of the court
below in the plaintiff's favor for the amount stated in such
bill to be due to the plaintiff, was against law or against evi-

dence.   The admission of the defendant under such circumstances was sufficient to warrant a finding that he owed the money to the plaintiff for rent, and was *primá facie* evidence that he occupied the premises as tenant of the plaintiff.

The other grounds of appeal are in like manner, as I think, unfounded.

It was not erroneous to reject the inquiry put to the witness who was the owner of the premises.   If offered for the purpose of impeaching the landlord's title, it was inadmissible, because a tenant is not at liberty to impeach such title to protect. himself against the claim for the rent.   But if the questions had been answered, it would have been no defence standing alone or in connection with any other evidence given, or offered to be given.   Whether the plaintiff became entitled to the rent, as owner of the premises, or as. lessee, or even by assignment of the rent, the effect of the defendant's admission and promise to pay standing unexplained and uncontradicted remained the same.

Besides, I apprehend that title in a third person is not to be proved in such a manner.   It should be shown by the production of the usual muniments of title or by evidence of possession for such a period as raises a presumption of title.

It is urged that the promise was to pay the plaintiff's father, and not to pay the plaintiff.   That is not material; it was a promise to pay money stated to be due to the plaintiff, and the promise to pay it to her father was an admission that it was due, and the evidence showed that the father acted for her in the matter of collecting the rents.   In every aspect it was a sufficient admission of liability to the plaintiff, and regarded as a promise it inured to the plaintiff's benefit.

The question, what was the age of the plaintiff, was properly rejected.   It was not pertinent to the issue which was before the court for trial, and could not have been made a ground for a nonsuit. (*Schermerhorn* v. *Jenkins*, 7 J. R. 373.) If infancy was alleged, it should have been pleaded in abatement of the suit, or should have been presented on a proper motion to set aside the proceedings for irregularity if there was

any failure in complying with the statute as to the appointment of the next friend. (2. R. S. 446.) The plaintiff was not there to meet any issue upon the question of infancy, and was not bound to be prepared for any such issue.

Again, the other ground upon which a nonsuit was urged was that the plaintiff had not on her part shown that she authorized the suit, or that "no authority was shown for the plaintiff to commence this suit." I am not aware that it was the plaintiff's duty to do more than to show that she had a cause of action as alleged in her complaint. She had no need of authority to prosecute.

If it was intended by the objection that the authority of the agent to appear for her was not shown, it will suffice to say that this was no ground for a nonsuit after the plaintiff's case was proved. If the defendant desired a production of the authority, it should have been demanded, and probably would have been furnished, at the time of the appearance.

Although it must be conceded that the plaintiff, by resting upon the mere proof of the defendant's admission, has not made her case so satisfactory as we should wish it to be, yet we can find no sufficient ground for a reversal.

Judgment affirmed.